**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN NIETO IZAZAGA, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   16-70652 Agency No. A200-782-805 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2019[**]
Pasadena, California

Before:  TASHIMA and PAEZ, Circuit Judges, and ALSUP,[***] District Judge.

Martin Nieto Izazaga, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation.

and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003), and we deny the petition.

Nieto Izazaga waived any challenge to the agency's denial of his withholding of removal claim by failing to argue it in his brief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013). The petition as to that claim is therefore denied.

Substantial evidence supports the agency's denial of his deferral of removal claim under CAT because Nieto Izazaga did not establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008) (concluding that the conditions in the Mexican mental health system did not amount to torture because they did not exist out of a deliberate intent to inflict harm). And, while Nieto Izazaga's country conditions evidence documented a general problem of violence and corruption in Mexico, it does not compel the conclusion that he would face a sufficiently particularized threat of torture to warrant CAT relief. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008).

We do not reach Nieto Izazaga's contentions regarding the immigration judge's adverse credibility determination, because the BIA did not adopt the

16-70652

immigration judge's decision or discuss credibility. *See Aden v. Holder*, 589 F.3d 1040, 1043 (9th Cir. 2009) (holding that the court reviews only the BIA decision where the BIA wrote its own decision and did not adopt the immigration judge's decision); *see also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (noting that our review is limited to the actual grounds relied upon by the BIA).

**PETITION FOR REVIEW DENIED.**